UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


David J. Widi, Jr.

   v.                                                Civil No. 14-cv-160-SM

Federal Bureau of Prisons et al.[1]


**REPORT AND RECOMMENDATION**

    Plaintiff David Widi has filed a pleading, docketed as an "Amended Complaint" (doc. no. 21), which is before this court for preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1). Also before the court is defendants' motion to dismiss (doc. no. 20), which was filed before plaintiff filed the Amended Complaint. That motion to dismiss has been referred

---

[1] Defendants named in the Amended Complaint (doc. no. 21) are the Federal Bureau of Prisons; former Federal Correctional Institution ("FCI") Ray Brook Warden Donald Hudson; and FCI Ray Brook Unit Manager David Salamy, Case Managers FNU Glue and Y. Matteau, and Case Management Coordinator Gaunyea, whose first name is unknown ("FNU"). Also named as defendants are the following FCI Berlin employees: Warden Esker Tatum; Case Management Coordinator Dan Sullivan; Unit Manager Wanda Mullins; Associate Warden FNU McGurn; Capt. A. Galetta; Lt. FNU Domitrovich; Lt. J. Hess; Lt. D. Myers; Lt. N. Hayden; Health Services Administrator FNU McCoy; Physician's Assistant K. Lewis; Nurse Brad Malcolm; Nurse Christine Larin; Nurse Kathy Bilodeau; FNU Croteau; and Corrections Officers ("COs") R. Smith, M. Dzubak, FNU Crimaldi, FNU Hubble, W. Knight, FNU Teale, J. Hulume, FNU Kuznecow, R. Cone, C. Tobias, FNU Barger, and twenty-two others, identified as "Does 1-22."

to this magistrate judge for a recommendation as to disposition.[2]

**Background**

Widi is a federal prisoner currently incarcerated at the Federal Correctional Institution ("FCI") in Berlin, New Hampshire. Widi was previously an inmate at FCI Ray Brook in New York. Widi filed this suit in New Hampshire Superior Court in Coös County in February 2014, and defendants removed the action to this court in April 2014. In a June 24, 2014, Report and Recommendation (doc. no. 4) ("June 24 R&R"), the undersigned magistrate judge recommended, among other things, that the district judge dismiss all claims except Claims 3-5, as numbered in the June 24 R&R. The district judge approved the June 24 R&R on July 23, 2014. See Order (doc. no. 9).

Defendants Gaunyea, Salamy, Glue, Matteau, Tatum, Sullivan, and Mullins jointly moved to dismiss the remaining claims in the original complaint on grounds including lack of personal jurisdiction over the Ray Brook defendants (Gaunyea, Salamy, Glue, Matteau, and Hudson), failure to state a claim, and failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). See Mot. to Dismiss

---

[2]Widi's motion to stay this case for sixty days (doc. no. 24) is addressed in an order issued on this date.

2

(doc. no. 20).  That motion is currently pending, but, for reasons stated herein, should be denied without prejudice as moot.

Plaintiff filed the Amended Complaint at issue on October 9, 2014, less than three days after defendants moved to dismiss the original complaint.  The Amended Complaint asserts one claim previously dismissed from this case (Claim 1 below), alleging that unspecified Federal Bureau of Prisons ("BOP") agents waived a regulatory exemption which this court cited in the June 24 R&R as grounds for dismissing the same claim previously.  The Amended Complaint also reasserts claims that this court allowed to proceed (Claims 2(a) and 3 below), and further clarifies and/or modifies claims that were served on Mullins, Sullivan, and Tatum (Claims 2(b)-(c) below).  The first three claims in the Amended Complaint, are as follows:

> 1.   Defendant BOP through its agents intentionally generated inaccurate records to calculate Widi's custody score, which denied Widi rights, opportunities, benefits, and/or privileges associated with minimum security classification, in violation of the Privacy Act, 5 U.S.C. § 552a(g)(1)(C), and waived the regulatory exemption relating to those records, rendering BOP liable to Widi under 5 U.S.C. § 552a(g)(4).
>
> 2.   Defendants engaged in adverse acts against Widi in retaliation for Widi's filing of administrative grievances at FCI Ray Brook, in violation of Widi's rights

3

under the First Amendment, in that:

    A.   FCI Ray Brook defendants Glue, Matteau, Salamy, Gaunyea, and Hudson (i) miscalculated Widi's custody score to keep him at a medium security level, and (ii) effected Widi's transfer to FCI Berlin;

    B.   FCI Berlin defendant Mullens refused to correct Widi's custody level calculation, in order to keep Widi classified as a medium security inmate; and

    C.   FCI Berlin supervisors Tatum and Sullivan were aware of the unconstitutional retaliatory actions taken by Mullens and approved and authorized those actions.

3.   FCI Berlin officers and employees engaged in adverse acts against Widi in retaliation for Widi's filing of administrative grievances at FCI Berlin, in violation of Widi's rights under the First Amendment, in that:

    A.   FCI Berlin defendant Mullens refused to correct Widi's custody level calculation, in order to keep Widi classified as a medium security inmate; and

    B.   FCI Berlin supervisors Tatum and Sullivan were aware of the unconstitutional retaliatory actions taken by Mullens and approved and authorized those actions.

Additionally, the Amended Complaint asserts new Federal Tort Claims Act ("FTCA") claims against the United States, and new constitutional claims against more than twenty new defendants identified by name, and twenty-two unnamed defendants ("Does 1-22"), alleged to be liable under <u>Bivens v. Six Unknown</u>

4

Fed. Narcotics Agents, 403 U.S. 388 (1971).[3]  In those claims, Widi alleges violations of his due process right to refuse a medical assessment, his Eighth Amendment right to adequate medical care, and his Eighth Amendment right not to be subjected to a malicious or sadistic use of excessive force.  Those supplemental claims – numbered Claims 4-14 in the Amended Complaint -- are not restated herein.

## Discussion

I.   Preliminary Review of Amended Complaint (Doc. No. 21)

   A.   Privacy Act (Claim 1)

   Widi has alleged in Claim 1 that the BOP's use of allegedly inaccurate records to assign him a custody score violated the Privacy Act.  Widi asserted a similar Privacy Act claim (numbered as Claim 2 in the June 24 R&R), which this court dismissed upon concluding that the BOP had exempted the relevant records from the cited Privacy Act provisions, pursuant to 28 C.F.R. 16.97(j).

---

[3] Widi refers to 42 U.S.C. § 1983 in the Amended Complaint. No individual acting under color of state law, however, is alleged to have violated Widi's rights.  The court therefore construes Widi's claims as asserting each individual defendant's liability under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

In the Amended Complaint, Widi asserts that BOP has waived the exemption as to Widi's records. Such a waiver must be express. See Martinez v. BOP, 444 F.3d 620, 624 (D.C. Cir. 2006). Stripped of legal conclusions, the Amended Complaint fails to allege facts showing that BOP expressly waived the exemption applicable to the records at issue. Accordingly, as Widi has failed to state a claim for relief based on the Privacy Act, Claim 1 (as numbered above) should be dismissed, and BOP should be dropped as a defendant to this case.

B.   Claim 14:  Abuse of Process and Malicious Prosecution

Widi asserts that disciplinary proceedings instituted against him constituted abuses of process and malicious prosecutions, actionable as torts under the FTCA and as violations of his Fifth Amendment right to due process. The FTCA imposes liability upon the United States for certain conduct by federal agents that would be deemed tortious under state law if perpetrated against a private party. See 28 U.S.C. § 1346(b)(1). In New Hampshire, the elements of malicious prosecution include favorable termination of the proceeding, and the elements of abuse of process involve the misuse of court power. See Ojo v. Lorenzo, 64 A.3d 974, 983, 164 N.H. 717, 727

(2013) (favorable termination is element of malicious prosecution); <u>Tessier v. Rockefeller</u>, 33 A.3d 1118, 1127, 162 N.H. 324, 335-36 (2011) (misuse of court power is element of abuse of process).  Widi has alleged that the prison disciplinary proceedings at issue resulted in a finding of guilty and sanctions; there is no suggestion that those proceedings terminated favorably, or that any court was involved in those prison proceedings.  Accordingly, Widi cannot state an FTCA claim based on abuse of process or malicious prosecution.

Widi's due process claim in Claim 14 should be dismissed as he has not pleaded any facts suggesting that the sanctions at issue imposed any atypical or substantial hardship upon him, or otherwise exceeded the scope of his sentence.  See <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995) (inmate's due process rights not implicated where disciplinary sanction does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").  Accordingly, the district judge should dismiss Claim 14 in the Amended Complaint.

    C.   <u>Remaining Claims</u>

Without prejudice to defendants' ability to move to dismiss any claim in the Amended Complaint, this court has directed

7

service of the Amended Complaint on the United States and each new named defendant, in an order issued on this date.  That order also provides defendants who have appeared in this case an opportunity to respond to the Amended Complaint (doc. no. 21), and grants plaintiff leave to amend the complaint to name the defendants presently identified as Does 1-22 by March 4, 2014.

II.   Motion to Dismiss (Doc. No. 20)

The motion to dismiss (doc. no. 20) relates to plaintiff's original complaint, which the Amended Complaint (doc. no. 21) supersedes.  The district judge should therefore deny the motion to dismiss as moot, without prejudice to defendants' ability to move to dismiss the Amended Complaint on any basis.

## Conclusion

For the foregoing reasons, the district judge should dismiss the Privacy Act claim (Claim 1 above) and the Fifth Amendment and FTCA malicious prosecution/abuse of process claims (Claim 14 in the Amended Complaint (doc. no. 21)).  The district judge should further deny as moot defendants' motion to dismiss the original complaint (doc. no. 20), without prejudice to defendants' ability to move to dismiss the Amended Complaint

8

(doc. no. 21).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Andrea K. Johnstone
　　　　　　　　　　　　　　　　United States Magistrate Judge

December  8, 2014

cc:  David J. Widi, Jr.
     T. David Plourde, Esq.