# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

David J. Widi, Jr.

     v.                          Civil No. 14-cv-160-SM

Federal Bureau of Prisons et al.[1]

## REPORT AND RECOMMENDATION ON AMENDED COMPLAINT

---

[1]The parties who remain in this case and/or who have been listed as defendants in the Amended Complaint are the following: the United States; the Federal Bureau of Prisons ("BOP"); the BOP Director; R. Ament; H. Andy; M. Apple; Mark Argir; Lyle Baldridge; Cory Balinas; B. Beegle; Jamie Belanger; Kathy Bilodeau; Bryan Birkholtz; Andre Bouchard; D. Boynton; R. Brown; Sidney Bruce; J. Buescher; Dillon Bunnell; Chris Casner; J. Chappell; Richard Cone; B. Cooper; Emily Crimaldi; Kristen Croteau; Amanda Curren; Patrick Deveney; Farnon Dix; John Domitrovich; Ryan Donahue; Mark Dzubak; FNU Early (whose first name is unknown); Shawn Felix; A. Ferron; N. Flynn; Thomas Folnsbee; A. Galletta; James Salvatore Gambone; Patrick Gerhart; Angelo Giamusso; Jeffrey Gluc; Michelle Gonyea; Jerrod Grimes; FNU Hawes; N. Hayden; Eric Hernandez; Jeremy Hess; McDaniel Holloway; Charles Hubbard; Donald Hudson; Joshua Hulme; James Kelley; Jason Kelsey; William C. Knight; FNU Kuznecow; S. LaBrenz; Christine Larin; J. Lee; Kans Booz Lewis; Matthew Lock; Brad Malcolm; Yancey Matteau; Stephen McConnell; Lirissia McCoy; Wanda Mullins; Derek Myers; Charles Napier; Thomas J. Noonan; Joseph L. Norwood; S. Paritsky; Jimmie D. Purselley, III; Samuel Queen; E. Quinones; Kevin Ramsay; David Salamy; Charles Samuels; Jose Santana; Brent Shallow; Wesley Shea; Richard Smith; Shane Smith; Oliver Spradlin; Dan Sullivan; Esker Lee Tatum, Jr.; Scott Tawes; Travis Taylor; J. Tempke; James Thagouras; Christopher Thiel; Christopher Tobias; M. Vincent; Derek Waughen; Mark Williams; Jared Wydra; and a number of John Does. This "Report and Recommendation on Amended Complaint" recommends that the court drop the following defendants from this case: the BOP, the BOP Director, Cooper, Early, Gluc, Gonyea, Hawes, Hudson, Lewis, Matteau, McCoy, "FNU McGurn," Salamy, Samuels, Brian Smith, and the John Doe defendants.

Before the court in this case is plaintiff David J. Widi, Jr.'s "Amended Complaint" (Doc. No. 226).  The Amended Complaint is before this court for preliminary review, pursuant to LR 4.3(d)(1) and 28 U.S.C. §§ 1915(e)(2) and 1915A.

## Standard

The magistrate judge conducts a preliminary review of complaints and amendments to complaints, like Widi's, which are filed by in forma pauperis inmates.  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

This case resulted from the consolidation and merger of two related cases filed by Widi in this District.  Widi's claims relate to incidents that occurred in 2014 while Widi was an inmate at Federal Correctional Institutions, first in New York

2

("FCI Ray Brook") and then in Berlin, New Hampshire ("FCI Berlin").  Widi's claims also relate to Freedom of Information Act ("FOIA") requests he submitted to the Federal Bureau of Prisons ("BOP").

In February 2014, Widi filed this action in state court. The federal defendants timely removed the case to this court. The preliminary review of the Second Amended Complaint (Doc. No. 105) in this action, resulted in: the severance and transfer of all claims asserted against the FCI Ray Brook defendants (Donald Hudson, David Salamy, Jeffrey Gluc, Yancey Matteau, and Michelle Gonyea), and the filing of a new case in the Northern District of New York, see Widi v. Hudson, No. 9:16-cv-01042-FJS-DJS (N.D.N.Y.) ("Hudson"); the dismissal of all claims against two Public Health Service officers named as defendants (Kans Booz Lewis and Lirissia McCoy); the dismissal of a number of unexhausted tort claims against the United States arising under the Federal Tort Claims Act ("FTCA") and unexhausted federal constitutional claims asserted against individuals under Bivens v. Six Unknown Fed. Narc. Agents, 403 U.S. 388 (1971); the dismissal of all claims Widi sought to file under 42 U.S.C. § 1983 and state law; and the dismissal of certain other claims and dropping of a number of other defendants, as specified in the August 19, 2016 Order (Doc. No. 161), completing the preliminary review of the Second Amended Complaint (Doc. No.

105).

Widi filed his second, related case, <u>Widi v. United States</u>, No. 16-cv-445-JL (D.N.H.) ("<u>Widi II</u>"), on September 30, 2016, after the court in this case (hereinafter "<u>Widi I</u>") had completed its preliminary review of the Second Amended Complaint (Doc. No. 105).  Before any defendants were served in <u>Widi II</u>, in January 2017, Widi filed the Amended Complaint in that case, and simultaneously moved for leave to file a Third Amended Complaint (Doc. No. 206-1) ("TAC") in <u>Widi I</u>.  <u>Widi II</u> was consolidated into <u>Widi I</u> for all purposes by this court's July 5, 2017 Order (Doc. No. 224).

The TAC and the Amended Complaint are the same document.[2] The Amended Complaint was redocketed in <u>Widi I</u> upon consolidation of the cases, and that pleading (Doc. No. 226) is now before this court for preliminary review.  A separate "Report and Recommendation on Third Amended Complaint," issued this date, recommends that the district judge deny Widi's motion for leave to file the TAC (Doc. No. 206), as it is identical to the Amended Complaint, which has already been filed.

_____

[2]The court's copy of the Amended Complaint (Doc. No. 226) was missing pages 78-79 and paragraphs 482-98, as numbered by Widi, when it was docketed in <u>Widi II</u>.  The omission appears to have been inadvertent.  This court reviewed the pertinent pages and paragraphs of the TAC in its preliminary review of the Amended Complaint here, and deems those TAC pages and paragraphs (Doc. No. 206-1, at 78-79) to be part of the Amended Complaint.

### Claims

The claims in the Amended Complaint (and in the TAC), are identified and renumbered by this court, as follows[3]:

1.    In retaliation for Widi's filing grievances at FCI Ray Brook, in violation of Widi's First Amendment rights, and in a manner actionable under Bivens, FCI Ray Brook defendants, Gluc, Matteau, Salamy, Gonyea, and Hudson, in January 2014:

> a.    miscalculated Widi's custody score to keep him at a medium security level, and

> b.    effected Widi's transfer to FCI Berlin, a facility known for its "deplorable conditions."

2.    In retaliation for Widi's filing of grievances at FCI Ray Brook, FCI Berlin, and/or this lawsuit, in a manner actionable under Bivens:

> a.    defendants Mullens, Tatum, and Sullivan refused to correct Widi's criminal history/custody level calculation, in order to keep Widi classified as medium security;

> b.    defendants Mullens, Sullivan, and Tatum conspired with FCI Ray Brook defendants to keep Widi at FCI Berlin and to keep his custody score elevated; and

> c.    defendants Apple, Ament, Mullens, Galletta, Birkholtz, and Tatum miscalculated Widi's custody classification score; and

> d.    defendants Apple, Ament, Mullens, Galletta, Williams, Birkholtz, Tatum, Norwood, and Santana used false incident reports to inappropriately apply a higher security management variable to Widi.

---

[3]The list of claims set forth in this R&R is intended to encompass all of the claims Widi asserted in the Amended Complaint, although this court's arrangement, identification, and numbering of claims here differs from the manner in which the claims were arranged, identified, and numbered in the Amended Complaint.

3.    In a manner actionable under <u>Bivens</u>:

    a.    defendant Mullens assigned Widi a new job and then did not provide him with notice of the assignment, in retaliation for Widi's First Amendment activities;

    b.    defendant Boynton initiated disciplinary proceedings against Widi through incident report No. 2548416, for refusing work, in retaliation for Widi's First Amendment activities;

    c.    defendant Domitrovich placed Widi in SHU pending disposition of incident report No. 2548416, charging Widi with refusing work, in retaliation for Widi's First Amendment activities;

    d.    with respect to incident reports that were either false or included over-charging (specifically, thirty-nine reports detailing more than fifty infractions, thirty-five of which were expunged, and fifteen of which were found to have been committed by Widi), which caused Widi's classification score to be artificially inflated:

        *i.*    defendants Bilodeau, Boynton, Bruce, Buescher, Chappell, Cone, Curren, Dzubak, Ferron, Flynn, Folnsbee, Gambone, Hayden, Hess, Hulme, Knight, LaBrenz, Larin, Lee, Malcolm, McConnell, Paritsky, Purselley, Quinones, and Taylor wrote up such reports, in retaliation for Widi's First Amendment activities; and

        *ii.*    defendants Hess, Hayden, Myers, and Wydra investigated and rubber-stamped those reports, in retaliation for Widi's First Amendment activities;

    e.    defendants Hayden and Hess kept Widi in SHU for an excessive amount of time, almost ten months, in retaliation for Widi's First Amendment activities;

    f.    defendants listed in Claims 4(a)-(h) subjected Widi to uses of force and restraints, on February 21, February 22, February 27, April 24, July 18, July 19, August 20, and September 22, 2014, in retaliation for Widi's First Amendment activities;

g.   defendants Knight, Thiel, Hulme, Malcolm, Dzubak, Kuznecow, Hayden, and Tobias denied Widi his medically necessary mattress, in retaliation for Widi's First Amendment activities;

h.   as described more fully in Claim 8(a)-(e), defendants Bilodeau, Larin, Croteau, Holloway, Lewis and McCoy did not provide Widi with adequate medical care, in retaliation for Widi's First Amendment activities;

i.   defendant Hayden, on April 2, 2014, denied Widi access to electronic law library printouts, in retaliation for Widi's First Amendment activities;

j.   defendants Brown, Hess, Knight, McConnell, Napier, Paritsky, and Taylor denied Widi food trays at three meals on September 29 (breakfast, lunch, and dinner) and one meal on September 30 (breakfast), in retaliation for Widi's First Amendment activities;

k.   defendants Brown, Cooper, Crimaldi, Early, Hawes, Hess, Hulme, McConnell, Paritsky, and Taylor denied Widi one hour of out-of-cell time, in retaliation for Widi's First Amendment activities, on each of the following days: August 26, September 10, September 11, September 16, September 17, September 21, September 25, September 29, and September 30;

l.   the following immediate and upper level supervisory defendants approved or authorized the adverse actions described in Claims 3(a)-(k):

   *i*.   Mullens, Galletta, Williams, Birkholtz, Tatum, and Norwood; and

   *ii*.   BOP Director Charles Samuels;

m.   defendants Dzubak and Brown willfully deprived Widi of items of his property, as described in Claim 7(c), in retaliation for Widi's First Amendment activities.

4.   Defendants subjected Widi to excessive force and/or misapplied restraints in 2014, maliciously or sadistically, in violation of Widi's rights under the Eighth Amendment,

in a manner actionable under <u>Bivens</u>, in connection with:

    a.   one incident on February 21, as to the conduct of defendants Argir, Domitrovich, Felix, Grimes, Lewis, Malcolm, R. Smith, and Tawes, and the authorizations provided by Galleta, Holloway, McCoy, Tatum, and Williams, after Widi refused a medical assessment;

    b.   two incidents on February 22 –

        *i*.   first, an "immediate use of force," after Widi refused a medical assessment, as to the conduct of defendants Dzubak, Larin, and R. Smith, and the authorizations provided by Galleta, Holloway, McCoy, Tatum, and Williams; and

        *ii*.   second, a "calculated use of force," after Widi refused a medical assessment, as to the conduct of defendants Bouchard, Bunnell, Deveney, Hess, Shea, S. Smith, and Taylor, at Larin's request, and pursuant to authorizations provided by Galleta, Holloway, McCoy, Tatum, and Williams;

    c.   two incidents on February 27 –

        *i*.   first, an "immediate use of force" after Widi refused a cell assignment, as to the conduct of defendants Crimaldi, Dzubak, and Hubbard; and

        *ii*.   second, a "calculated use of force," after Widi was falsely accused of assault by defendants Dzubak, Crimaldi, and Hubbard,

            A.   as to the conduct of defendants Bouchard, Donahue, McConnell, Myers, Tobias, and Waughen, pursuant to authorizations by Galleta, Tatum, and Williams, and

            B.   as to the failure of defendants Andy, Vincent, Myers, Galleta, and Tatum to remove Widi's restraints;

    d.   one incident on April 24, after Widi refused a cell assignment,

*i.*   as to the conduct of defendants Argir, Casner, Dix, Galletta, Giamusso, Hayden, Hess, Ramsay, Shea, R. Smith, and Wydra, pursuant to authorizations by Galletta, McCoy, Tatum, and Williams; and

*ii.*   as to the failure of defendants Hayden, Vincent, Galletta, and Tatum to remove Widi's restraints;

e.   one incident on July 18, after Widi refused a cell assignment, as to the conduct of defendant Bruce, Curren, and Taylor;

f.   three incidents on July 19 –

*i.*   first, after Widi refused an order to uncover a cell window,

A.   as to the conduct of defendants Baldridge, Curren, Donahue, Kelley, Shallow, Tempke, and Tobias, pursuant to authorizations by defendants Birkholtz, Galletta, and Tatum; and

B.   as to the failure of defendants Curren, Galletta, and Tatum to remove the restraints;

*ii.*   second after Widi told defendants Folnsbee and Flynn that Tobias had not secured his wrist restraint,

A.   as to conduct of defendants Donahue, Flynn, Myers, Shallow, Tempke, Thagouras, Tobias, and Wydra, in placing Widi in tight restraints, as approved by defendants Birkholtz, Galletta, and Tatum; and

B.   as to the failure of defendants Curren, Galletta, Myers, Tatum, and Wydra to remove the restraints;

*iii.* third, after Widi had slipped out of the martin chain,

A.   as to the conduct of defendants

9

Belanger, Bruce, Myers, Napier, Noonan, Queen, Spradlin, and Wydra, pursuant to authorization by defendants Birkholtz, Galletta, McCoy, and Tatum; and

B.   as to the failure of defendants Curren, Galletta, Hess, Myers, Tatum, and Wydra to remove the restraints;

g.   three incidents on August 20 –

*i.*   first, an "immediate use of force," after Widi refused to remove the mattress covering his cell window, as to the conduct of defendants Balinas, Beegle, Buescher, Crimaldi, Donahue, Dix, Flynn, Folnsbee, Hess, Lock, and Purselley, when officers used a stick to dislodge the mattress and pepper spray or other chemical agents, pursuant to authorizations by defendants Larin and Malcolm;

*ii.*   second, an "immediate use of force," when officers failed to strip Widi of his contaminated clothes and further contaminated him with their hands, as to the conduct of defendants Balinas, Beegle, Buescher, Hernandez, Hess, and Lock; and

*iii.* third, a "calculated use of force," after officers including defendants Buescher, Ferron, Hess, and Purselley falsely charged Widi with attempted assault,

A.   as to the conduct of defendants Balinas, Felix, Gerhart, Giamusso, Hernandez, Kelley, and Myers, authorized by defendants Birkholtz, Galletta, and Tatum; and

B.   as to the failure of defendants Galletta, Hayden, Myers, and Tatum to remove the restraints; and

h.   one incident on September 22, as to the conduct of defendants Myers and Wydra in leaving Widi in handcuffs behind his back in a cell for hours.

5.   Supervisory defendants Samuels, Norwood, Tatum,

Williams, McCoy, and Galletta failed to train, supervise, or discipline officers alleged to have been responsible for each use of excessive force and/or misapplication of restraints, which manifested the supervisors' negligence and deliberate indifference to a substantial risk of serious harm to Widi, in violation of his rights under the Eighth Amendment, with respect to:

> a.   incidents on February 21, February 22, February 27, April 24, July 18, July 19, and August 20, 2014 as summarized in Claims 4(a)-(g); and

> b.   the September 22 incident at issue in Claim 4(h).

6.   The United States is liable under the FTCA for:

> a.   the tortious conduct of its employees summarized in Claims 4(a)-(g); and

> b.   the conduct of supervisory defendants summarized in Claim 5(a).

7.   In a manner actionable under <u>Bivens</u>, defendants:

> a.   Brown, Hess, Knight, McConnell, Napier, Paritsky, and Taylor deprived Widi of his food trays four meals in a row on September 29 and 30, 2014, in violation of the Eighth Amendment;

> b.   Brown, Cooper, Crimaldi, Early, Hawes, Hess, Hulme, McConnell, Paritsky, and Taylor deprived Widi of one hour of out-of-cell time in SHU on nine dates in August/September 2014 –

> > i.   in violation of the Eighth Amendment; and

> > ii.   in violation of the Fifth Amendment right to due process; and

> c.   Brown and Dzubak deprived Widi of his property, valued at $756.40, in violation of Widi's Fifth Amendment right to due process.

8.   In violation of Widi's Eighth Amendment right to humane conditions of confinement, and to receive medical care while incarcerated, in a manner actionable under <u>Bivens</u>, defendants, with deliberate indifference to a

substantial risk of serious harm to Widi:

> a.    as to Lewis and Bilodeau, delayed providing treatment to Widi for symptoms relating to his developing hernia in February/March 2014;

> b.    as to McCoy and Holloway, refused to authorize laparoscopic surgery, causing Widi to undergo open incision surgery for his hernia;

> c.    as to Lewis, Bilodeau, Larin, and Croteau, failed to treat Widi with:

>> i.    pain medication after surgery; and

>> ii.    a clear liquid diet after surgery;

> d.    as to McCoy and Tatum, implemented a policy restricting the distribution of medication to two times per day, causing Widi to be denied mid-day administration of prescribed pain medication, causing Widi pain;

> e.    as to Lewis and Bilodeau, did not require Widi's medically necessary mattress to be returned to him prior to the date of his hernia surgery, after Widi requested that the mattress be returned;

> f.    as to Dzubak, Hulme, Knight, Kuznecow, Malcolm, Thiel, and Tobias, took away Widi's medically necessary mattress:

>> i.    before surgery, exacerbating his condition; and

>> ii.    after surgery, causing pain and injury.

9.    The United States is liable under the FTCA for the tortious conduct of its employees summarized in Claims 8(a)-(f).

10.    The BOP has not timely and adequately responded to Widi's requests for certain documents, in violation of FOIA, relating to:

> a.    Widi's request for documents submitted to the BOP in 2014, identified by the BOP as Request No. 2014-

05459; and

b.   Widi's request for documents submitted to the BOP
on September 9, 2016.

## Discussion

## I.   Claim-Splitting (Claim 1)

The Amended Complaint, asserting Claims 1(a) and 1(b)

against the FCI Ray Brook defendants who are also defendants in

Hudson, implicates the rule against duplicative litigation and

claim-splitting.  "As part of its general power to administer

its docket, a district court may stay or dismiss a suit that is

duplicative of another federal court suit."  Curtis v. Citibank,

N.A., 226 F.3d 133, 138 (2d Cir. 2000); see also Colo. R. Water

Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976) (as

"between federal district courts . . . though no precise rule

has evolved, the general principle is to avoid duplicative

litigation").

"Claim-splitting has been analyzed as an aspect of res

judicata or claim preclusion."  Vanover v. NCO Fin. Servs.,

Inc., 857 F.3d 833, 841 (11th Cir. 2017).  "'[C]laim splitting

is . . . concerned with the district court's comprehensive

management of its docket, whereas res judicata focuses on

protecting the finality of judgments.'"  Id. (citation omitted).

The test for determining if claim-splitting has occurred as

between two pending cases is similar to the test applied to

decide if res judicata bars a new case after judgment has entered in the first case.  Id.  Courts analyze "'(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions.'"  Id. at 841-42 (citation omitted).  Cf. González-Piña v. Guillermo Rodríguez, 407 F.3d 425, 429 (1st Cir. 2005) (in addition to final judgment in earlier action, res judicata requires "'sufficient identicality'" between the parties and causes of action in both cases (citation omitted)).

Here, Widi is suing the FCI Ray Brook defendants in Claims 1(a) and 1(b) in this case, and in Hudson, which was opened in the Northern District of New York in August 2016 after the court in Widi I severed and transferred Widi's claims against those defendants.  Widi objected to that transfer, sought reconsideration, and appealed the transfer decision to the First Circuit, but those efforts to retrieve the transferred claims have not been successful.  Widi's interlocutory appeal of that issue in Widi I was dismissed.  See Widi v. Hudson, No. 17-1292 (1st Cir. June 28, 2017).  Widi has not taken any steps to terminate Hudson, so that case also remains pending at this time.  The claims in Hudson and in Widi II against the FCI Ray Brook defendants arise from the same set of operative facts, namely, Widi's contacts with those defendants alleged to have occurred before Widi's transfer to FCI Berlin in February 2014.

14

Claims 1(a) and 1(b) should be dismissed from Widi II to avoid claim-splitting, without prejudice to Widi's ability to litigate such claims in Hudson.

## II.  Dismissal of *Bivens* Claims against Lewis and McCoy

Widi has asserted claims against United States Public Health Service ("PHS") Officers Kans Booz Lewis and Lirissia McCoy in their individual capacities.  Under 42 U.S.C. § 233(a), claims for personal injury by commissioned officers of the PHS are limited to the remedies available under the FTCA, 28 U.S.C. §§ 1346(b), 2672.  The immunity provided by § 233(a) precludes Bivens actions against individual officers or employees for harms arising out of the exercise of their PHS functions.  Hui v. Castaneda, 559 U.S. 799, 812-813 (2010).  For reasons stated in the August 19, 2016 Order (Doc. No. 161) dismissing similar claims against the same defendants, all claims against McCoy and Lewis in the Amended Complaint should be dismissed, and those defendants should be dropped from this case.

## III. *Bivens* Claims for Retaliation (Claims 2, 3)

Claims 2 and 3 in this action assert that FCI Berlin officers and their supervisors retaliated against Widi for exercising his First Amendment rights, in a manner actionable under Bivens.  To state a First Amendment retaliation claim, an inmate must allege: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that he

15

suffered adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken.  See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011).  De minimis reactions to protected speech are not actionable.  See Morris v. Powell, 449 F.3d 682, 685-86 (5th Cir. 2006).  An adverse act taken in response to protected conduct is not de minimis, however, if it would deter an individual of ordinary firmness from exercising his or her First Amendment rights.  See id.; see also Starr v. Dube, 334 F. App'x 341, 342-43 (1st Cir. 2009).

A.   De Minimis Adverse Acts (Claims 3(a), 3(i)-(k))

Widi alleges in Claim 3(a) that Mullens assigned him a job shortly after Widi had arrived at FCI Berlin, knowing that Widi had just filed a lawsuit, and that she did so without notifying Widi about the job assignment.  Widi further alleges that because he did not know about the job he did not appear for it, resulting in Boynton charging Widi with refusing work or program, and causing Domitrovich to transfer Widi to SHU while that charge was pending.

Widi's claim against Mullens for assigning him a job and then not providing him with notice of the assignment is properly dismissed at the preliminary review stage.  An inmate of ordinary firmness would not be deterred from engaging in First Amendment activity by the threat that a unit manager would

16

assign him a job and then not inform him of the assignment.  The facts pleaded by Widi indicate that it was not his lack of knowledge of that assignment, per se, that directly resulted in the disciplinary proceedings, but his failure to appear for the job, which a different officer charged as a refusal to work. The facts alleged do not indicate that Mullens orchestrated the consequences of assigning Widi a job.  Mullens's conduct, to the extent it was motivated by Widi's First Amendment activities, was at most a de minimis response to those activities that is not actionable.  Accordingly, Claim 3(a) should be dismissed.

Claims 3(i)-(k), as identified above, should also be dismissed.  Widi's allegations about losing law library printouts on one occasion; about missing four meals in a row; and about losing his only hour of recreation time on three isolated occasions in August/September 2014 (August 26, September 21, September 25) and on three pairs of days in the same time period (September 10-11; September 16-17; September 29-30), do not describe the type of consequences for engaging in First Amendment activities that would deter an individual of ordinary firmness from voicing complaints about prison conditions.  Accordingly, Claims 3(i)-(k) should be dismissed.

B.    Discipline Relating to Job Refusal (Claims 3(b)-(c))

Widi alleges in Claims 3(b)-(c) that Boynton charged him with refusing to work, and that Domitrovich put him in SHU while

17

those charges were pending, in retaliation for Widi's First
Amendment activities.  Widi's allegations, stripped of legal
conclusions, do not state a claim of retaliation as to Boynton
and Domitrovich.  Widi alleges nothing in the Amended Complaint
suggesting that defendants Domitrovich or Boynton had knowledge
of Widi's First Amendment activities when they initiated
disciplinary proceedings against him or placed him in SHU.
Without more, the allegations do not give rise to a reasonable
inference that their conduct was retaliatory.  Accordingly,
Claims 3(b)-(c) should be dismissed.

    C.   Retaliation by Health Care Providers (Claim 3(h))

Widi alleges that defendant health care providers failed to
provide him with adequate medical care, as described more fully
in Claim 8(a)-(e), to retaliate against him for exercising First
Amendment rights.  Stripped of legal conclusions, the Amended
Complaint fails to state a claim of First Amendment retaliation
relating to the decisions concerning Widi's medical care, as to
Bilodeau, Larin, Croteau, Lewis, McCoy, and Holloway.
Accordingly, Claim 3(h) should be dismissed.

    D.   Highest Supervisor (Claim 3(l)(*ii*))

Widi alleges that BOP Director Charles Samuels knew of the
retaliatory actions taken against Widi and failed to correct
them, with reckless and callous indifference to Widi's federal
rights.  Widi does not allege facts regarding when Samuels

acquired the knowledge at issue, and whether Samuels was also
aware of Widi's First Amendment activities at a time and in a
manner that could establish the requisite causal connection
between Samuels's alleged failure to act, sufficient to state a
claim for retaliation.  Stripped of legal conclusions about
retaliation and Samuels's reckless and callous indifference, the
Amended Complaint fails to state a claim upon which relief can
be granted, under Bivens, as to Samuels's liability for the
adverse, retaliatory acts of lower level BOP employees alleged
in Claim 3.  Accordingly, Claim 3(l)(ii) should be dismissed.

   E.   Retaliation Claims 2 & 3(d)-(g), 3(l)(i), 3(m)

      Without prejudice to defendants' ability to move to dismiss
the remaining retaliation claims in the Amended Complaint upon
any proper basis, in the Order issued this date, this court
directs service of Claims 2, 3(d)-(g), and 3(l)(i), upon
defendants identified in those claims.  This court declines to
determine, at this time, in the absence of briefing on a
dispositive motion, whether a Bivens remedy is available with
respect to First Amendment retaliation claims.  Cf. Ziglar v.
Abbasi, 137 S. Ct. 1843, 1860 (2017) (where plaintiff's "claims
bear little resemblance to the three Bivens claims the Court has
approved in the past: a claim against FBI agents for handcuffing
a man in his own home without a warrant; a claim against a
Congressman for firing his female secretary; and a claim against

prison officials for failure to treat an inmate's asthma,"
courts, upon determining that claims present "a new _Bivens_
context," must then conduct "a special factors analysis . . .
before allowing [the] damages suit to proceed").

## IV.    _Bivens_ and FTCA Claims for Excessive Force (Claims 4, 6)

Without prejudice to defendants' ability to move to dismiss
any claim upon any proper basis, the court in the Order issued
this date directs service of Claim 4 upon defendants named in
those claims, and Claims 6(a) and (b) upon the United States.

## V.    _Bivens_ Failure to Train, Discipline, or Supervise (Claim 5)

Widi alleges in a conclusory fashion that BOP Director
Samuels, Northeast Regional Director Joseph Norwood, FCI Warden
Tatum, and other FCI Berlin supervisory personnel failed to
adequately train, supervise, or discipline defendants alleged to
have used excessive force, or misapplied restraints, against
Widi, as alleged in Claim 4, and that they "knew or should have
known" that this would result in harm to Widi.  Widi's claim of
_Bivens_ liability in this regard is conclusory.  Stripped of
legal conclusions, the Amended Complaint fails to state a claim
upon which relief can be granted under _Bivens_ for those
defendants' own alleged deliberate indifference, or alleged
failure to adequately train, supervise, or discipline officers
regarding uses of force and restraints.  Accordingly, Claim 5
should be dismissed.

## VI.   *Bivens* Claims: Food Trays, Exercise, Property (Claim 7)

Widi alleges that defendants deprived him of his food trays and out of cell time on a limited number of occasions in August and September 2014, and items of his property, as detailed in Claim 7, in violation of the Eighth Amendment and/or the Due Process Clause of the Fifth Amendment.  As to the Eighth Amendment claims, Widi has not alleged facts stating a claim that the officers were deliberately indifferent to a substantial risk of serious harm to Widi relating to those events.  See Farmer v. Brennan, 511 U.S. 825, 828-29 (1994).  The allegation regarding Widi's loss of exercise time, stripped of legal conclusions, does not describe the imposition of sanctions that exceed his sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force," or that impose any "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). Moreover, Widi cannot state a claim for relief under Bivens relating to his loss of property, as to which Widi accepted a settlement offer from the United States.  Cf. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process

Clause of the Fourteenth Amendment if a meaningful

postdeprivation remedy for the loss is available.").

Accordingly, Claim 7 should be dismissed.

## VII. *Bivens* and FTCA Medical Care Claims (Claims 8, 9)

Widi's Eighth Amendment medical care claims, described in

Claim 8, are sufficient to survive preliminary review, against

the defendants named in Claim 8, except for the claims against

PHS Officers McCoy and Lewis, for reasons explained in this R&R.

The FTCA claim (Claim 9) asserted against the United States

arising from the allegations in Claim 8 also survives

preliminary review.  In the Order issued this date, the court

directs service of Claim 9 against the United States, and Claim

8, under Bivens, against defendants named in Claim 8, other than

McCoy and Lewis.

## VIII. Misjoinder and Severance of FOIA Claims (Claim 10)

"Unrelated claims against different defendants belong in

different suits," in part "to ensure that prisoners pay the

required filing fees" and that prisoners do not avoid exposure

to the "three strikes" provision of 28 U.S.C. § 1915(g).  George

v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Guiden v.

Werholtz, No. 11-3031-SAC, 2011 WL 1807443, at *21, 2011 U.S.

Dist. LEXIS 50890, at *65 (D. Kan. May 11, 2011) ("While joinder

is encouraged for purposes of judicial economy, the 'Federal

Rules do not contemplate joinder of different actions against

different parties which present entirely different factual and legal issues.'" (citation omitted)).  This court "may <u>at any time</u>, on just terms, add or drop a party," and "may also sever any claim against a party."  Fed. R. Civ. P. 21 (emphasis added).

Widi has improperly joined FOIA claims into an action that asserts <u>Bivens</u> and FTCA claims of retaliation, excessive force, and inadequate medical care against individual federal agents and the United States, relating to Widi's incarceration at FCI Berlin.  The interests of justice and judicial economy are not served by keeping the FOIA claims in this action, as they involve different proof, different standards, and a different defendant, the BOP.  Accordingly, Claim 10(a) and (b), asserted against BOP, should be severed from this action and dismissed without prejudice to Widi's ability to refile those claims in a new lawsuit in an appropriate federal district court.

## Conclusion

For the foregoing reasons, the district judge should approve this "Report and Recommendation on Amended Complaint" and issue the following Order:

1.   The Amended Complaint (Doc. No. 226) is the operative complaint in this case.

2.   Claims 1 and 10, as identified in the "Report and

Recommendation on Amended Complaint," are severed from this action, and are dismissed without prejudice to Widi's ability to litigate Claim 1 in Widi v. Hudson, No. 9:16-cv-01042-FJS-DJS (N.D.N.Y.), and to litigate Claim 10 in a separate case in a court of appropriate jurisdiction.

3.    Claims 3(a), 3(b), 3(c), 3(h), 3(i), 3(j), 3(k), 3(l)(ii), 5, and 7, as identified in the "Report and Recommendation on Amended Complaint," are dismissed.

4.    All claims in the Amended Complaint against B. Cooper, FNU Early, FNU Hawes, Kans Booz Lewis, Lirissia McCoy, and Charles Samuels are dismissed.

5.    B. Cooper, FNU Early, Jeffrey Gluc, Michelle Gonyea, FNU Hawes, Donald Hudson, Kans Booz Lewis, Yancey Matteau, Lirissia McCoy, David Salamy, Charles Samuels, and the Federal Bureau of Prisons ("BOP") are dropped as defendants.  Brian Smith, the BOP Director, "FNU McGurn," and all John Doe defendants are also dropped from this action, as the Amended Complaint does not state any claims against them.

Any objections to the "Report and Recommendation on Amended Complaint" must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file specific written objections within the specified time waives the right to appeal

24

the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge

July 17, 2017

cc:   David J. Widi, Jr., pro se
      T. David Plourde, Esq.
      Terry L. Ollila, Esq.